THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT D. REILLY,             )
                              )
        Plaintiff,            )
                              )  Case No. 07 C 995
                              )
    v.                        )  Magistrate Judge
                              )  Arlander Keys
                              )
UNITED STATES DEPARTMENT OF   )
ENERGY                        )
                              )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

Plaintiff, an applicant whose Energy Efficiency and Renewable Energy ("EERE") program proposal was not selected for further consideration by the Department of Energy ("DOE"), petitioned this Court to compel the release of certain information relating to the identity of the members of the Merit Review Committee ("MRC") that evaluated his proposal, pursuant to the Freedom of Information Act (FOIA). The plaintiff also seeks a declaratory judgment finding that the DOE's three-step analysis applied to FOIA requests, is not in accordance with FOIA, along with reasonable attorney fees and other costs associated with this litigation. Both parties filed motions for summary judgment. For the reasons set forth below, the Court grants the defendant's motion for summary judgment; therefore, the plaintiff's cross-motion for summary judgment is denied.

## FACTS AND PROCEDURAL HISTORY[1]

The United States Department of Energy's Golden, Colorado Field Office, has program management responsibility for the agency's EERE program. The EERE program is designed to solicit, select and fund the development of clean, reliable and affordable energy technologies for consumers and industry. The Golden Office works with small and large companies, non-profit organizations, individuals, and state and local governments to perform federal cost-shared research and development, with the goal of moving proven energy-saving technologies into the marketplace. The program is funded through direct DOE financial assistance in the form of competitive grants or cooperative agreements. The competitive process begins with the issuance of a Funding Opportunity Announcement ("FOA"). Next, is a review of any submitted applications/proposals, selection and project award. After the award is made, the Golden Office manages the project's progress and eventually, closes out the project.

In August 2005, the Golden Office issued a FOA, inviting pre-applications and received 287 responses, including the plaintiff's. The applications were evaluated in accordance with the agency's financial assistance award process, and Mr. Reilly's

---

[1] It should be noted that all of the facts within Defendant's Local Rule 56.1 statement of the facts (where in compliance with the rule) are deemed undisputed, since Plaintiff did not comply with the rule by failing to plead with the necessary specificity, with supporting references to the record.

2

application, entitled "Method of Making Steel Strapping and Strip," was not selected for an invitation to submit a full application. Mr. Reilly subsequently sent supplemental material to the Golden Office, requesting that it be considered with his application. The Golden Office Contracting Officer advised Mr. Reilly that his pre-application was brief and provided insufficient information to warrant selection and that the supplemental material sent was received four months after the deadline required by the FOA; and therefore, could not be considered.

Thereafter, the plaintiff filed a request under the Freedom of Information Act, 5 U.S.C. § 552, requesting the following: (1) the composition of the MRC, as of January 6, 2006, which evaluated his proposal; (2) a description of web sites which list the names of committee members; and (3) any costs associated with providing the positions, along with company affiliations of MRC members who are non-federal reviewers, and the credentials qualifying them to be reviewers. In response to the plaintiff's request, the Golden Office located six documents that were responsive. The documents include a one-page list of names of MRC members, including their federal/non-federal status, and five documents which reflect the names, educational backgrounds, employers, work experience, and any certifications or other qualifications of the non-federal evaluators on the MRC.

On May 18, 2006, the DOE denied Mr. Reilly's request on the ground that the information sought is exempt from disclosure under 5 U.S.C. § 552(b)(6), because he was requesting personal information. On June 9, 2006, Mr. Reilly appealed DOE's decision to the agency's Office of Hearings and Appeals. The Office of Hearings and Appeals upheld the DOE's decision, finding that, because the members of the MRC whose names are sought are non-federal members and private citizens, there is a significant privacy interest in maintaining their confidentiality. Subsequently, Mr. Reilly brought a suit against the DOE, which is presently before this court.

The plaintiff's complaint requests three remedies: (1) the release of records containing the identities of the non-federal MRC members, including their positions, company affiliations and credentials qualifying them to be reviewers; (2) a court order declaring the DOE's three step-analysis at odds with the three-step analysis under FOIA, as announced in *Ripskis v. Department of HUD*, 746 F.2d 1, (D.C. Cir. 1984); and (3) reasonable attorney fees and other litigation costs.

## STANDARD OF REVIEW

Summary judgment will be granted where the pleadings and supporting documents show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56©; *Lewis v. City of*

*Chicago et al*, 496 F.3d 645, 650 (7th Cir. 2007). Whether a fact is material to the dispute is established by the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue as to one of these material facts exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

In a summary judgment proceeding, the Court will disregard all facts not properly supported by the record. *Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). Additionally, at this juncture, it is not the role of the Court to make "credibility determinations nor choose between competing inferences." *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir. 1993); *See also Paz v. Wauconda Healthcare and Rehab. Ctr., LLC*, 464 F.3d 659, 664 (7th Cir. 2006). However, in determining whether a genuine issue of material fact exists, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 681 (7th Cir. 1999). The moving party initially bears the burden of showing that no genuine issue of material fact exists in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1985).

On the other hand, if the moving party meets it's burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial, and the non-moving party

"may not rest upon the mere allegations or denials of the adverse party's pleading ...." *Anderson*, 477 U.S. at 257.

Against this backdrop, parties must be in strict compliance with Northern District of Illinois Local Rule 56.1. Under Rule 56.1, the party moving for summary judgment must submit a statement of material facts, written in short numbered paragraphs, along with citations to admissible evidence. Loc. R. 56.1(a); *Smith v. Lamz*, 321 F.3d 680, 682 (7th Cir. 2003). The opposing party must respond to each paragraph by either admitting or denying the allegations, and specifically citing to supporting materials showing the existence of a genuine factual dispute. Loc. R. 56.1(b)(3)(A). The parties must support all disputed facts with "specific references to ... parts of the record." Courts are not obligated to "scour the record" in an attempt to locate the relevant information supporting the Rule 56.1 claims. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994). The Seventh Circuit has repeatedly "sustained the entry of summary judgment when the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts." *Id*; *See also Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000) (All relevant facts denied without supporting documentation must be accepted as true provided the facts are "properly supported by references to the record or other

6

evidentiary materials.") If the party opposing summary judgment fails to identify supporting material in the record, the moving party's statements will be deemed admitted, assuming these statements are properly supported in the record. Loc. R. 56.1(b)(3)(B); *Garrison v. Burke*, 165 F.3d 565, 567 (7th Cir. 1999); *Waldridge*, 24 F.3d at 922.

## DISCUSSION

The Freedom of Information Act was designed to broaden public access to government information by mandating disclosure of federal agency documents. *Antonelli v. F.B.I.*, 721 F.2d 615, 617 (7th Cir. 1983). At the same time, Congress recognized that some disclosures would unjustly interfere with an individual's legitimate expectation of privacy and frustrate governmental operations. *Id.* Thus, FOIA contains nine exemptions that allow federal agencies to withhold certain records. *See* 5 U.S.C. § 552(b)(1)-(9). In the present case, the DOE relies on Exemptions 5 and 6 of FOIA in support of it's motion for summary judgment and in defense against the plaintiff's cross-motion for summary judgment.

As explained above, the parties must be in strict compliance with Local Rule 56.1. The moving party must submit a statement of material facts, written in short numbered paragraphs with citations to the record, while the opposing party must respond to each paragraph, specifically citing to supporting materials.

7

Loc. R. 56.1(b)(3)(A). The purpose of this process is to show the existence of a genuine factual dispute. Mr. Reilly, who is represented by counsel, has failed to comply with this rule. His response to the defendant's 56.1 statement consists of four unnumbered paragraphs. Additionally, each of these four paragraphs are not supported by citation to any documents on the record. Moreover, none of the plaintiff's responses are in reply to any specific paragraph of the defendant's 56.1 statements, rather, they each refer to the defendant's 56.1 paragraph in a general way. For example, the fourth and last paragraph in Mr. Reilly's response to the defendant's 56.1 statement reads as follows:

> Further, Plaintiff contends that much of Defendant's Statement consists not of facts as to which there is no genuine issue, but of argument, assumptions, and attempted summaries of documents which speak for themselves. Therefore, Plaintiff objects to paragraphs 13, 14, 15, 16, 17, 19, 20, 22, 24, 25 as being assumptions, 26, 27, 31, 32, 33, 34, 35, 36, 37, 38 as being attempted summaries of documents which speak for themselves, 39, 40 for being argument, 41 for being an attempted summary of the document which speaks for itself, 42 for being an assumption, 43 for being an attempted summary document which speaks for itself, 44 for being assumption, 45 for being an attempted summary of a document which speaks for itself, 46, 47, 48 for being assumptions, 49 for being argument, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 as being attempted summaries of documents which speak for themselves.

This response clearly does not conform to the strict guidelines that have been repeatedly outlined by the Seventh Circuit and what is clearly written in Local Rule 56.1 itself. *See Smith v.*

*Lamz*, 321 F.3d 680, 682 (7th Cir. 2003); *Waldridge*, 24 F.3d 918 at 922; Loc. R. 56.1(b)(3)(A)-(B) ("Each party opposing a motion filed pursuant to FED.R.CIV.P. 56 shall serve and file a concise response to the movant's statement that shall contain: numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon....") As the Seventh Circuit has stated, "Judges are not like pigs, hunting for truffles buried in briefs." *U.S. v. Dunkel*, 927 F.2d 955, 957 (7th Cir. 1991).

In addition, the plaintiff's 56.1(a) statement in support of *his* motion for summary judgment, does not contain the specificity required by the rule. Once again, it is not supported by citation to any documents on the record and it only includes 7 numbered paragraphs, that barely state any factual information at all. Therefore, because Mr. Reilly's summary judgment memorandums fall far short of the requirements of Rule 56.1, the Court finds that the *facts* as claimed by the defendant, and supported by admissible evidence from the record, are uncontroverted.

### A.  Exemption 5

Exemption 5 provides for the protection of certain documents

9

from public view if said documents are, "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(B)(5). In other words, if a "private litigant could not obtain these records from the agency in discovery, the agency is free to withhold or redact these records in response to a FOIA request." *Brown v. United States Patent Trademark Office*, 355 F.Supp.2d 940, 941-42 (N.D.Ill. 2005). Consequently, "civil discovery rules are relevant in determining whether particular agency documents fall within Exemption 5." *Id.* The Court must also consider the deliberative process privilege incorporated in Exemption 5, which "exempts from disclosure those documents that reflect the deliberative or policy-making processes of governmental agencies." *Id.* In order to fall within this privilege, the material sought must satisfy two prongs: "(1) it must be predecisional, that is the material must be antecedent to the adoption of an agency policy; and (2) it must be deliberative, that is actually related to the process by which policies are formulated." *Id.* (Internal quotations omitted).

Taking the facts as presented by the defendant, the Court finds that the documents the plaintiff seeks are both predecisional and deliberative. The defendant contends that the records responsive to the plaintiff's request are located in the following documents: "(1) a one-page list of names of MRC

10

members, including their federal/non-federal status; and (2) five documents which reflect the names, educational backgrounds, employers, work experience, and any certifications or other qualifications of the non-federal evaluators on the MRC." (Def.'s Loc. R. 56.1 Statement ¶ 29). The first document is an excerpt from a report which was generated to provide analysis and recommendations to the project Selection Official for his use in making final selection decisions. (Def.'s Loc. R. 56.1 Statement, Ex. 2, ¶ 8(A)). First, this document is clearly an intra-agency memorandum. Additionally, this document is predecisional because it was prepared to assist the Selection Official in making his final selections of the proposals chosen for funding. See Enviro Tech Int'l, 371 F.3d at 372. Lastly, this document is deliberative because it relates to the process by which the Selection Official arrived at the final selection. Id.

The other five documents were created to determine the qualifications of the individuals to serve on the MRC. (Def.'s Loc. R. 56.1 Statement, Ex. 2, ¶ 8(B)). These documents are also predecisional as they were used to assist in determining who would serve as MRC members for the review of the plaintiff's proposal. Id. They are also deliberative because they relate to the process by which DOE arrived at it's final decision to reject the plaintiff's proposal. Id.

## B. Exemption 6

The defendant also maintains that this case falls under Exemption 6 of FOIA. Exemption 6 or Section 552(b)(6) reads as follows: "This section does not apply to matters that are personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Under Exemption 6, the government agency has the initial burden of demonstrating why it should not disclose the information requested. *Antonelli v. F.B.I.*, 721 F.2d at 617. To do so, "the agency must provide a 'detailed analysis' of the request and the reasons for invoking an exemption." *Id.* Once the agency meets this initial burden, the court will balance the agency's justification against the public interest in disclosure to determine whether disclosure is clearly unwarranted. *Id; See also Lakin Law Firm, P.C. v. F.T.C.*, 352 F.3d 1122, 1125 (7th Cir. 2003). However, the Court must keep in mind that "FOIA does not permit judges to determine which disclosure requests are in the public interest and which are not." *U.S. Dep't of Navy et al v. Fed. Labor Relations Auth.*, 975 F.2d 348, 355 (7th Cir. 1992). Put more simply, "[e]ither all requestors have access or none do. The special needs of one, or the lesser needs of another, do not matter." *Id.* (Citation omitted). Moreover, "[t]he Supreme Court has repeatedly held that the only public interest that is relevant to this balancing test is the shining of a light on an

12

agency's performance of its statutory duties." *Lakin Law Firm*, 352 F.3d at 1125. So long as the requestor proposes a "legitimate" use for the information requested, disclosure will be in the public interest for purposes of Exemption 6. *U.S. Dep't of Navy*, 975 F.2d at 355; *see also Lakin Law Firm*, 352 F.3d at 1125 (Court affirmed judgment of the District Court, because Plaintiff "failed to carry it's burden of 'identify[ing] with reasonable specificity the public interest that would be served by release' of the withheld identifying information.")

The documents sought by the plaintiff certainly fall under "similar files" within Exemption 6. The term "similar files" is given broad interpretation. The Supreme Court has held that Congress did not mean to "limit Exemption 6 to a narrow class of files containing only a discrete kind of personal information." *Department of State v. Washington Post Co.*, 102 S.Ct. 1957, 1962 (1982). Instead, "[t]he exemption [was] intended to cover detailed Government records on an individual which can be identified as applying to that individual." *Id* (internal quotations omitted); *See also* 37A AM.JUR.2D *Freedom of Information Acts* § 262 (2007) ("Information about an individual does not lose the protection of Exemption 6 merely because it is stored by an agency in records other than personnel or medical files.") Clearly, documents containing the names and credentials of the MRC members who reviewed Mr. Reilly's proposal, along with their

federal/non-federal status and possible company affiliations, are documents which apply to these individual members. The Supreme Court has further held that "[w]hen disclosure of information which applies to a particular individual is sought from Government records, courts must determine whether release of the information would constitute a clearly unwarranted invasion of that person's privacy." *Id.* at 1962-63.

The Court finds that disclosing the names of the MRC members to the public would be an unwarranted invasion of privacy. In making this determination, the Court must balance the interests served by public disclosure, against any invasion of privacy of the MRC members. The DOE has represented that it has a policy of keeping the names of the MRC members confidential. This is because members of MRC, which are both federal and non-federal experts, are highly valued for their expertise and are in high demand; however, they receive little compensation. Therefore, in an attempt to retain MRC members, the DOE guarantees that their identities will be protected. If the names of the MRC members were disclosed to the public, they would be subject to harassment from disgruntled applicants whose proposals were denied. This may in turn cause the DOE to lose the talent it so heavily relies on during it's decision-making process.

The Court must also keep in mind that consideration here is not isolated to the facts of this case, for to disclose

14

information regarding the MRC that reviewed Mr. Reilly's proposal, would open the door for any subsequent displeased applicant to seek the same information. *U.S. Dep't of Navy*, 975 F.2d at 355. Therefore, the Court must consider what public interest would be served by disclosing the names and the backgrounds of MRC members. *See Lakin Law Firm*, 352 F.3d at 1125. The plaintiff failed to explain with any specificity what public interest would be furthered by disclosing this information. Hence, this Court finds that disclosure of the kind the plaintiff seeks would be an unwarranted invasion of the MRC member's privacy, and is therefore, exempt under Section 552(b)(6). *See Matter of Wade*, 969 F.2d 241, 246-47 (7th Cir. 1993) ("A modest disclosure would be 'clearly unwarranted' if no reason exists warranting its dissemination.")[2]

## B. Declaratory Judgment

In his response to the defendant's motion for summary judgment, the plaintiff also appears to seek a declaratory judgment from this Court finding the practice of keeping confidential the identities, positions and company affiliations of MRC members to be contrary to FOIA, and to order that any such information be made available to anyone upon request. The Court has already upheld the DOE's decision to deny public access to

---

[2] The Court will not consider the plaintiff's motion for summary judgment, since the documents sought fall under both Exemption 5 and 6 of FOIA.

the information Mr. Reilly seeks; therefore, the plaintiff's request is denied.

### C. Attorney Fees and Costs

In both his response to defendant's motion and in his cross-motion for summary judgment, the plaintiff requests reasonable attorney fees and litigation costs. However, Mr. Reilly has not "substantially prevailed" on his claim; therefore, his motion for attorney fees and costs is denied. See 5 U.S.C. § 552(a)(4)(E).

### CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion for summary judgment of Plaintiff's FOIA claim be, and the same hereby is, granted. It is further ordered that Plaintiff's cross-motion for summary judgment be, and the same hereby is, denied.

DATE: December 18, 2007           E N T E R E D:

                                  _____
                                  MAGISTRATE JUDGE ARLANDER KEYS
                                  UNITED STATES DISTRICT COURT